# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **MURRY LEE OWENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO.: CV 03-P-0479-J** |
| ) | |
| **TOWN OF PARRISH, et al.** ) | |
| ) | |
| **Defendants.** | |

## MEMORANDUM OPINION

The court has before it Plaintiff's Motion to Amend/Correct Brief (Doc. # 67), Plaintiff's Motion to Have Charles Tatum to Release Copy of Files (Doc. # 68), and Defendant Mosely's Motion for Reconsideration of the Court's December 15 Summary Judgment Order (Doc. # 64). The court held a telephone conference in this case on January 11, 2005.

As outlined during the telephone conference, the court grants Plaintiff's Motion to Amend/Correct Brief (Doc. # 67) and denies Plaintiff's Motion to Have Charles Tatum to Release Copy of Files (Doc. # 68).[1] The court now turns to its analysis of Defendant Mosely's Motion for Reconsideration of the Court's December 15 Summary Judgment Order (Doc. # 64).

## I.   Plaintiff's Conclusively Established Convictions

At the time the parties' summary judgment briefs were submitted to the court in this case, Plaintiff's Circuit Court appeal of his Municipal Court convictions for disorderly conduct and resisting arrest was still pending in state court. On December 15, 2004, this court granted summary judgment on all of Plaintiff's claims, except the following claims against Defendant Mosely:  (1)

---

[1] As the court explained during the telephone conference, the court will not order, but will encourage, Mr. Tatum to provide Plaintiff with another copy of his file at a reasonable cost (to be paid by Plaintiff or added to Mr. Tatum's attorney's lien in this case).

§1983 Fourth Amendment excessive force; (2) state law false imprisonment; (3) state law assault and battery; and (4) state law negligence. (Doc. # 62). The court also requested that the parties provide additional briefing on the status of Plaintiff's appeal and convictions because the court was concerned about what impact those convictions may have on the remaining claims. (Doc. # 63).

The court has been informed, and takes judicial notice of the fact, that the Circuit Court of Walker County has dismissed Plaintiff's appeal of his convictions for failure to prosecute and has remanded his case back to Municipal Court for sentencing. (Doc. # 63). Pursuant to Alabama Rule of Criminal Procedure 30.5, when a criminal defendant fails to prosecute his Circuit Court appeal of a Municipal Court conviction, and the appeal is dismissed by the Circuit Court, the judgment of conviction is reinstated through the dismissal for failure to prosecute the appeal. Ala. R. Crim P. 30.5. Accordingly, Plaintiff's convictions of disorderly conduct and resisting arrest are now established final convictions. In light of this new evidence, Defendant Mosely has asked the court to reconsider its summary judgment ruling on the § 1983 claim against him based upon *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.[2]

**II.     *Heck v. Humphrey* Analysis**

Under *Heck v. Humphrey*, if a civil judgment in favor of the plaintiff would imply the impropriety of a criminal conviction, or negate an element of that conviction, the plaintiff must first establish conclusively that the criminal conviction *has been overturned* in order to recover under § 1983. *Heck,* 512 U.S. 477, 487 (1994); *Edwards v. Blisok*, 117 S. Ct. 1584 (1997). The Supreme

---

[2] Defendant Mosely also argued that the disposition of Plaintiff's appeal renders summary judgment appropriate on Plaintiff's state law claims. However, as explained later in this opinion, the court declines to exercise supplemental jurisdiction over the state law claims. The court instead will leave Mosely's arguments on the state law claims for consideration in the state court.

Court specifically noted that a Fourth Amendment claim under § 1983, like the Plaintiff's claim in this case, may imply the invalidity of the conviction if it negates some element of the criminal offense. *Heck*, 512 U.S. at 487, n.6; *Hughes v. Lott* 350 F.3d 1157 (11th Cir. 2003). Accordingly, this court must analyze both the substance of Plaintiff's § 1983 claims and the specific offenses of his criminal convictions in order to determine if *Heck* applies. *Hughes v. Lott*, 350 F.3d 1157 (11th Cir.2003).

In this case, Plaintiff claims that Defendant Mosely violated the Fourth Amendment under § 1983 by using excessive force to arrest him and by wrestling him to the ground without probable cause. (Plaintiff Depo. at 20). Plaintiff maintains that the officers had no right to use force to arrest him because he was doing nothing wrong at the time the arrest began. (Doc. # 1). Defendant Mosely maintains that force was necessary because Plaintiff was resisting arrest. Accordingly, Plaintiff's convictions for disorderly conduct and resisting arrest go directly to the heart of his § 1983 claim against Defendant Mosely.[3]

Essentially, Plaintiff disputes the validity of his convictions – he claims that excessive force was used because he was not acting in a disorderly manner and was not resisting a lawful arrest. In light of *Heck*, Plaintiff can no longer maintain that position because he has, in fact, been convicted

---

[3] Disorderly conduct under ALA. CODE § 13A-11-7 requires proof that a person with an intent to cause public inconvenience, annoyance, or alarm or recklessly creating a risk thereof has (1) engaged in fighting or in violent tumultuous or threatening behavior, or (2) or refused to comply with the lawful order of the police to disperse, or (3) without lawful authority disturbed any lawfully assembly or meeting of persons or used public obscene language or obscene gestures. Resisting arrest under ALA. CODE § 13A-10-41 requires proof that a person "intentionally prevents or attempts to prevent a peace officer from effecting a lawful arrest of himself or another person."

of those offenses and those convictions are now final.[4]  Even Plaintiff's deposition testimony indicates that he did, at some point, resist arrest.  Plaintiff admits that he "tussled" with the officers for 10-15, or 15-20, minutes before they got him to the ground while they were attempting to arrest him. (Plaintiff Depo. at 20, 34-35).  Accordingly, under *Heck*, Plaintiff cannot recover under § 1983 because his claims imply that his criminal convictions were improper.  *Heck,* 512 U.S. 477, 487 (1994).

## III.    Qualified Immunity Analysis

Moreover, given the new evidence of Plaintiff's now conclusively established convictions, the court finds that Defendant Mosely is due qualified immunity from Plaintiff's § 1983 claims. Under the qualified immunity doctrine, government officials performing discretionary functions are immune from suit unless the alleged conduct violates "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982).  "[T]he salient question is whether the state of the law [at the time of the incident gave the Defendant] fair warning that [his] alleged [conduct] was unconstitutional." *Hope v. Pelzer*, 122 S. Ct. 2508, 2515 (2002).  Given that it has been conclusively established by the state court that Plaintiff was resisting arrest and acting in a disorderly manner, there is no question that Defendant Mosely's use of force was *not in violation* of clearly established law.

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*,

---

[4] Moreover, Plaintiff may be collaterally estopped from relitigating issues established conclusively by the criminal conviction.  *Allen v. McCurry,* 449 U.S. 90, 103 (1980); *Haring v. Prosise*, 462 U.S. 306, 313-14 (1983).  Plaintiff cannot relitigate facts of his arrest and whether or not excessive force was used given that state court has established he was resisting arrest and therefore some force was warranted.

284 F.3d 1188, 1197 (11th Cir.2002)(citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). The question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer. *Graham*, 490 U.S. at 396-97; *Lee*, 284 F.3d at 1197. "Use of force must be judged on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir.1993) (quotations omitted).

Eleventh Circuit law is clear that some force is warranted in the course of an arrest, especially when a suspect is resisting arrest. *Lee*, 284 F.3d at 1197 ("Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Lee,* 284 F.3d at 1197 (quotations omitted). To balance the necessity of the use of force used against the arrestee's constitutional rights, a court must evaluate several factors, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

In light of the new evidence of Plaintiff's criminal convictions, the court is now satisfied that the undisputed facts indicate that the force used by Defendant Mosely was not excessive under the circumstances. In this case, all of the *Graham* factors weigh heavily in Defendant Mosely's favor. First, although Plaintiff's initial crime of disorderly conduct was minor, there is no dispute that he began to "tussle" with the officers, which posed an immediate safety threat, and that he did, as

5

established by the state court conviction, resist arrest.  Although Plaintiff was handcuffed at some point during the "scuffle," there is no indication that he stopped resisting arrest or "tussling" with the officers even after he was wrestled to the ground and handcuffed.

According to Plaintiff, Mosely's only role was to hold him down during the scuffle, kick him two or three times, or use a foot on his arm. (Owen's Depo. at 42).[5]  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Saucier v. Katz*, 533 U.S. 194, 209 (2001). The court finds that, given the circumstances of the arrest, including the fact that Plaintiff resisted arrest and acted in a disorderly manner for nearly twenty minutes, the force used by Mosely was de minimus and not excessive. *See Nolan v. Isbell*, 207 F.3d 1253, 1255 (11th Cir. 2000) (finding that force was de minimus when officer grabbed plaintiff and shoved him a few feet against vehicle, pushed knee in back and head against van, and handcuffed him); *Jones v. City of Dothan*, 121 F.3d 1456, 1458 (11th Cir. 1997) (finding that force was de minimus when officer slammed plaintiff against the wall, kicked his legs apart and required plaintiff to raise hands above head as officers carried out arrest); *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1556 (11th Cir.1993) (finding that force was de minimus when officer pushed plaintiff against wall while handcuffed), *as modified*, 14 F.3d 583 (11th Cir.1994). Accordingly, Mosely is due the protection of qualified immunity and summary judgment is

---

[5] As the court noted in its earlier memorandum opinion on summary judgment (Doc. # 61), Plaintiff initially testified that Mosely jumped on his back and started wrestling with him. (Plaintiff Depo. at 20).  He later testified that Mosely grabbed his hand while Boles "came around from the blind side and jumped on top of my back." (Plaintiff Depo. at 27-28).  Plaintiff now claims that he simply misspoke when he initially said that Mosely jumped on his back because Boles was the one who jumped on his back. (Doc. # 55, at 3).  Moreover, although Owens claims that another officer maced him in the mouth during the scuffle, he is clear that Mosely did not participate in the macing. (Plaintiff Depo. at 41-42).

appropriate on Plaintiff's § 1983 claim against him.

**IV.    Conclusion**

For the reasons articulated above, the court grants Defendant Mosely's Motion for Reconsideration of the Court's December 15, 2004 Summary Judgment Order (Doc. # 64) and finds that summary judgment is appropriate with respect to Plaintiff's § 1983 claim against him. As to the remaining state law claims against Mosely, the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), and therefore remands those claims to the state court. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir.2001)(finding that when a court declines to exercise supplemental jurisdiction over a case removed from state court, the claims should be remanded rather than dismissed).  A separate final order will be entered.

**DONE** and **ORDERED** this ___20th___ day of January, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE